UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiff,

v.

JAMES CRAIG NICHOLS AND A.R.,

    Defendants.

Case No. 2:22-CV-2417-HLT-TJJ

## MEMORANDUM AND ORDER

This case is before the Court on Defendant A.R.'s Motion to Correct Motion to Modify Scheduling Order (ECF No. 31). Defendant A.R. ("A.R.") asks that the Court correct its original Motion to Modify Scheduling Order (ECF No. 29), which has been withdrawn by the Court (ECF No. 30) as counsel for A.R. inadvertently filed the motion in this case and expressed his intent to withdraw the motion. A.R. asks the Court to correct the motion to reflect the Court's July 13, 2023 deadline for the parties to file motions to amend pleadings or join additional parties and A.R.'s requested extension of the deadline to October 6, 2023. A.R. requests that the Court amend its scheduling order to extend the deadline for all parties to file motions to amend pleadings or add parties to October 6, 2023. Plaintiff State Farm Fire and Casualty Company does not oppose the motion. Defendant James Craig Nichols did not respond. The Court denies A.R.'s motion as untimely.

The following timeline shows the relevant progression of this case:

- <u>October 13, 2022</u>: The Complaint in this case was filed.

- <u>May 24, 2023</u>: The Scheduling Order was entered. The initial scheduling conference and entry of the Scheduling Order were delayed in part by four stipulated extensions of A.R.'s

deadline to answer or otherwise respond to Plaintiff's complaint.

- July 13, 2023: The current deadline, established in the May 24, 2023 Scheduling Order, for the parties to file any motion for leave to join additional parties or to otherwise amend the pleadings.

- August 15, 2023: A.R. filed a motion for extension of time to file any motion for leave to join additional parties or to otherwise amend the pleadings. Counsel for A.R. emailed the undersigned magistrate judge's chambers indicating counsel mistakenly filed the motion in this case, but counsel "still intend[ed] to request that the deadline be moved." The Court advised counsel for A.R. of the Court's procedures for correcting motions filed in error. Counsel for A.R. did not respond or take any action.

- August 25, 2023: The Court emailed counsel asking counsel for A.R. how he intended to proceed with the motion, as the Court had not received a response from counsel or seen any corrections in the docket. Counsel for A.R. did not respond or take any action.

- August 31, 2023: The Court again emailed counsel requesting an update, as the Court still had not received a response from counsel or noted any action in the docket. Counsel for A.R. responded to the email and stated he "intend[ed] to withdraw the prior motion and get a new one on file." Counsel for A.R. did not take any action.

- September 12, 2023: The Court again emailed counsel and asked that Counsel for A.R. withdraw the motion as soon as possible, as the motion had been pending for almost one month and the deadline had expired two months prior. Counsel for A.R. responded and stated, "We'll get to it promptly."

- September 18, 2023: The Court filed an Order withdrawing A.R.'s inadvertently filed motion for extension of time, as counsel for A.R. still had not taken any action.

- September 19, 2023: Counsel for A.R. filed a Motion to Correct Motion to Modify Scheduling Order and a proposed corrected Motion to Modify Scheduling Order. The proposed corrected Motion to Modify Scheduling Order requests an extension of the deadline for the parties to file any motion for leave to join additional parties or to otherwise amend the pleadings to October 6, 2023.

Upcoming Deadlines:

- October 16, 2023: The deadline for the parties to disclose rebuttal experts.
- November 16, 2023: The discovery completion deadline.

A.R.'s motion is untimely. D. Kan. Rule 6.1(a) states, "All motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and in no event less than 3 days before the specified time." Under Fed. R. Civ. P. 6(b)(1)(B), "When an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether a party has shown excusable neglect for an untimely motion for extension of time, the Court considers: "(1) whether the movant acted in good faith; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[1]

A.R. has not shown excusable neglect for the untimeliness of the motion. In the motion, A.R. states, "Undersigned counsel was occupied this summer and the earlier part of this month with a post-trial fee petition, several family medical issues, and deadlines in other matters." A.R.'s

---

[1] *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *1 (D. Kan. Jan. 14, 2011) (citing *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2008 WL 5046345, at *2 (D. Kan. Nov. 24, 2008)).

3

explanation is inadequate to show excusable neglect. While there is no evidence that A.R. acted in bad faith (factor one), A.R. has not given any compelling reasons for not only filing the original motion over one month past the original deadline, but also failing to respond and/or take any action in response to the Court's emails on four separate occasions over the span of one month (factor two). A.R. filed a motion to correct the original document one month after the original motion was filed and two months after the expiration of the deadline, even with multiple reminders from the Court. The discovery deadline is rapidly approaching, and to allow A.R. to amend the pleadings or join additional parties at this late stage of discovery could significantly affect the proceedings of the case and prejudice the two non-moving parties in this case (factor three). Finally, the length of the delay was simply too long (factor four). Moreover, counsel for A.R. has not indicated how or why he intends to amend the pleadings or the parties he intends to join. Therefore, A.R. has not satisfied factor four—that is showing the length of delay and impact on the judicial proceedings if the motion were granted would not be significant. A.R.'s motion is untimely, and after considering all of the factors, the Court declines to correct A.R.'s original motion.

**IT IS THEREFORE ORDERED** that A.R.'s Motion to Correct Motion to Modify Scheduling Order (ECF No. 31) is denied.

Dated this 29th day of September, 2023, at Kansas City, Kansas.

_____
Teresa J. James
U.S. Magistrate Judge